*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★           ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00305-CR

Douglas L. **BYRD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-9871
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed: June 16, 2010

DISMISSED

       Pursuant to a plea bargain agreement, Douglas L. Byrd pled nolo contendere to burglary of

a habitation with intent to commit assault. As part of the plea bargain, Byrd signed a waiver of his

right to appeal. The trial court signed a certificate stating this "is a plea-bargain case, and the

defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Byrd timely filed a notice of

appeal. An electronic clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case and Byrd does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On May 4, 2010, we gave Byrd notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal has been made part of the appellate record by June 3, 2010. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). An amended certification showing Byrd has the right to appeal has not been filed. We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish